■ In the Matter of WILLIAM JONES et al., Respondents, v JOHN J. FLYNN et al., Appellants, et al., Respondents.—In a proceeding, *inter alia*, to compel appellants to reconvene the meeting of the Executive Committee of the Westchester County Committee of the Conservative Party of New York State for the purpose of authorizing candidates for public office, and to declare that the authorizations granted to appellant candidates on June 17, 1985 are null and void, the appeals are from (1) an order of the Supreme Court, Westchester County (Palella, J.), dated July 9, 1985, as amended July 11, 1985, which, *inter alia*, extended the time for filing designating petitions for the offices in question, pendente lite, and (2) a judgment of the same court (Dachenhausen, J.), dated July 15, 1985, which, *inter alia*, declared the authorizations granted to appellant candidates null and void, and directed appellants to reconvene the aforementioned meeting.

Appeal from the order dismissed, without costs or disbursements (*see, Matter of Aho*, 39 NY2d 241, 248).

Judgment reversed, on the law, without costs or disbursements, it is declared that the authorizations granted to appellant candidates on June 17, 1985 are valid, and the Board of Elections of Westchester County is directed to place appellant candidates' names on the appropriate ballots.

Petitioners have failed to sustain their burden of demonstrating that the conduct engaged in by appellant Flynn constituted fraud or that it resulted in an irregularity sufficient to declare the results of the June 17, 1985 meeting a nullity (*see*, Election Law § 16-102 [3]).

Petitioner candidates were on notice that the Rules and Regulations of the Westchester County Committee permitted the use of proxy voting at meetings conducted for the purpose of authorizing nonparty candidates, and they therefore have no cause to complain that they justifiably relied on representations to the contrary.

We accordingly conclude that Special Term erroneously voided the authorizations granted to appellant candidates at the June 17 meeting, declare those authorizations to be valid, and direct the Board of Elections to place the names of appellant candidates on the appropriate ballots. Brown, J. P., O'Connor, Weinstein, Kunzeman and Kooper, JJ., concur.